USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1 3 DEC 2011

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
                                    :
PRESS ACCESS LLC,                   :
                                    :     11 Civ. 1905 (KBF)
                    Plaintiff,      :
                                    :     MEMORANDUM OPINION
          -v-                       :        & ORDER
                                    :
1-800 POSTCARDS, INC.,              :
                                    :
                    Defendant.      :
                                    :
------------------------------------X

KATHERINE B. FORREST, District Judge:

    On March 18, 2011, plaintiff Press Access LLC commenced an action against defendant 1-800 Postcards, Inc. ("Postcards") for Breach of Contract (First Cause of Action), Account Stated (Second Cause of Action), Unjust Enrichment (Third Cause of Action) and Replevin (Fourth Cause of Action). All four causes of action relate to the sale of a large printing press to Postcards in 2008. Defendant Postcards has moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, defendant's motion is GRANTED IN PART and DENIED IN PART.

THE STANDARD OF REVIEW

    In determining whether a complaint fails to state a claim under Rule 12(b)(6), this Court accepts all well plead factual

allegations as true. Kuck v. Danaher, 600 F.3d 159, 166 (2d Cir. 2010). The Court must not consider factual matters outside of a complaint unless the parties are given notice that the motion to dismiss is being converted to a motion for summary judgment under Rule 56 and are afforded an opportunity to submit additional affidavits. Max Impact, L.L.C. v. Sherwood Grp., Inc., No. 09 Civ. 902 (LMM), 2011 WL 507600, at *3 (S.D.N.Y. Feb. 14, 2011). Here, both parties have submitted affidavits concerning assertions of fact outside of the Complaint. The Court is not converting the motion to one for summary judgment and has not and will not consider such affidavits in connection with this motion. The Court has considered only the facts as asserted in the Complaint, which for purpose of this motion it assumes as true, along with the three attachments to the Complaint: a UCC Financing Statement dated April 7, 2009 (Ex. A), the contract between the parties dated October 21, 2008 (the "Contract") (Ex. B) and a "Statement of Account" (Ex. C).

RELEVANT FACTUAL ALLEGATIONS

On October 21, 2008, the parties entered into a contract for the purchase and sale of a large, used, printing press called a "Heidelberg SM XL 15-5 +L". (Compl. ¶ 2.) Plaintiff filed a UCC-1 Financing Statement Form with the Secretary of State of New York on April 7, 2009. (Id.)

2

The contract between the parties provided for payments upon deposit, delivery and completion of installation. (Id. ¶ 10; Ex. B.) Plaintiff does not allege when the equipment was installed but the face of the Statement of Account states the one year warranty expired on December 22, 2009. (Ex. C.) Installation therefore occurred no later than December 22, 2008. This is consistent with the date of interest payments accruing as of December 2008. (Ex. C.)

On its face, the Contract provides, "Any action for breach of this contract arising out of the sale of the equipment must be commenced within one year after the cause of action has occurred or shall therefore forever be barred." (Ex. B.) Plaintiff alleges that "Defendant defaulted under the terms of the Agreement by failing to make the payments . . . as set forth herein in Paragraph Number 10." (Compl. ¶ 15.) Paragraph 10 of the Complaint refers to the payments due as deposit and upon delivery and installation. Accordingly, breach of the Contract occurred no later than December 22, 2008.

DISCUSSION

Defendant urges the Court to dismiss all four causes of action on the theory that each "arise from the exact same alleged breach of contract." (Def. Mem. at 5.) Defendant argues that the four causes of action are therefore barred by the one year limitation on actions contained in the Contract.

3

(Id.)[1]  Defendant has constructed a bridge too far: as set forth below, the First Cause of Action, based upon a breach of the Contract is barred by explicit contractual language contained in the Contract itself requiring actions for breach to be commenced within one year of the breach. (Compl. ¶ 9; Ex. B.) Plaintiff alleges in Paragraphs 10 and 15 of the Complaint that default occurred when defendant failed to make timely payments as required by the Contract. Accordingly, any action for breach of contract had to be brought no later than December 2009. This action was not commenced until March 2011.

In its memorandum in opposition to this motion, plaintiff also urges that there are facts suggesting a "reaffirmation" of the Contract, or that defendant should be equitably estopped from enforcing the contractual agreement that actions for breach must be brought within one year of a breach. (Pl. Mem. at 12.) These arguments are contrary to the clear allegations of default contained in Paragraphs 10 and 15 of the Complaint. Moreover, there are no facts alleged in the Complaint suggestive of any "reaffirmation" or other facts that would support a claim of equitable estoppel. The law is clear that a plaintiff cannot amend a complaint with information contained in an opposition to

---

[1] The Contract explicitly states it is governed by Alabama law. (Ex. B.)

a motion to dismiss. In re Livent, Inc. Noteholders Sec. Litig., 151 F. Supp. 2d 371, 432 (S.D.N.Y. 2001).

Accordingly, defendant's motion with respect to the First Cause of Action of Breach of Contract is GRANTED with prejudice.

Defendant's argument that dismissal of the contract claim must necessarily result in dismissal of the remaining claims is without merit. The remaining claims rise or fall upon the law and the adequacy of the allegations within the four corners of the Complaint. This Court starts its analysis by determining which law applies to the remaining non-contract causes of action.

Federal courts sitting in diversity look to the choice-of-law rules of the forum state. Curley v. AMR Corp., 153 F.3d 5, 12 (2d Cir. 1998). "If the law of more than one jurisdiction is potentially applicable to a contract dispute, New York courts undertake 'grouping of contacts' analysis to determine the governing law." Int'l Bus. Machs. Corp. v. Liberty Mut. Ins. Co., 363 F.3d 137, 143 (2d Cir. 2004). "Choice of law does not matter, however, unless the laws of the competing jurisdictions are actually in conflict." Id. Here, the parties agree that there is no significant conflict between New York and Alabama law on the principles that decide this case. (Pl. Opp. Mem. at 7; Def. Reply Mem. at 3.) Even if the parties did not agree, though, New York law would apply under the "grouping of

5

contacts" analysis for at least the following reasons: the Contract appears to have been signed in New York (see Ex. B), defendant Postcards is a New York domicile (Compl. ¶ 7) and the subject matter of the Contract--i.e., the printing press--was delivered to New York (id. ¶ 14; Ex. B). See 2004 Stuart Moldaw Trust v. XE L.I.F.E., LLC, 374 F.App'x 78, 81 (2d Cir. 2010). Accordingly, the law of New York applies.

For the reasons set forth below, plaintiff has not adequately pled a claim for account stated.

Under New York law, a plaintiff must allege three elements for an account stated claim: (1) an account was presented, (2) it was accepted as correct and (3) the debtor promised to pay the amount stated. See Nat'l Econ. Research Assoc., Inc. v. Purolite "C" Corp., No. 08 Civ. 7600 (PGG), 2011 U.S. Dist. LEXIS 24458, at *7 (S.D.N.Y. Mar. 10, 2011). The account stated therefore becomes a new agreement between the parties, and the right to recovery in no way depends upon the obligation originally stated. Hall v. New York Bick & Paving Co., 95 A.D. 371, 373 (N.Y. App. Div. 1904).

In the Complaint, plaintiff alleges only the first two elements of an account stated cause of action, and fails entirely to plead the third. Plaintiff has failed to state a claim and defendant's motion to dismiss the Second Cause of Action is GRANTED without prejudice.

6

For the reasons set forth below, plaintiff has not adequately pled a claim for unjust enrichment.

Under New York law, claims for unjust enrichment and breach of contract are mutually exclusive. See <u>Clark-Fitzpatrick, Inc. v. Long Island R.R. Co.</u>, 70 N.Y.2d 382, 388 (N.Y. 1987)("The existence of a valid and enforceable written contract governing a particular subject matter ordinarily precludes recovery in quasi contract for events arising out of the same subject matter. A 'quasi contract' only applies in the absence of an express agreement, and is not really a contract at all, but rather a legal obligation imposed in order to prevent a party's unjust enrichment.") Since it is undisputed that the Contract is an enforceable contract (including enforcement of the one year limitation on actions for breach), plaintiff has failed to state a claim for unjust enrichment. Defendant's motion to dismiss the Third Cause of Action is therefore GRANTED without prejudice.

The remaining count for Replevin (Fourth Cause of Action) is properly plead and within the applicable statute of limitations. The one year contractual limitation on the breach of contract action does not constitute a "statute of limitations." To the extent the parties based arguments on application of the one year contractual limitation to the Replevin claim, those arguments are without merit.

7

Accordingly, defendant's motion with respect to the Fourth Cause of Action is therefore DENIED.

Plaintiff is given 30 days to replead the Second and Third Causes of Action.

SO ORDERED:

Dated:   New York, New York
         December 13, 2011

_____
KATHERINE B. FORREST
United States District Judge